Case 2:24-cv-00095   Document 27   Filed on 02/21/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL CAMPOS., | § | |
| | § | |
| Petitioner, | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00095 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"). (D.E. 22). The M&R recommends that the Court:

(1) Grant Respondent's motion to dismiss, (D.E. 18);

(2) Dismiss with prejudice Petitioner's 28 U.S.C. § 2254 habeas petition as time-barred, (D.E. 1); and

(3) Deny a certificate of appealability.

(D.E. 22, p. 8). Plaintiff filed written objections to the M&R. (D.E. 25).[1]

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per

---

[1] Petitioner titles this document "Certificate of Appealability," (D.E. 25, p. 1), but the Court has already construed D.E. 25 as objections to the M&R, (D.E. 26, p. 2). Petitioner's objections were due December 18, 2024. *See* (D.E. 22, p. 9). Although Petitioner's objections were not filed in the Court's docketing system until December 23, 2024, *see* (D.E. 25), a document is deemed timely filed by a *pro se* inmate when it is delivered to prison authorities for mailing, postage pre-paid, *see Houston v. Lack*, 487 U.S. 266, 276 (1988). Petitioner signed his objections on December 17, 2024. (D.E. 25, p. 3). The Court presumes Petitioner delivered the objections to prison authorities for mailing that same day. Accordingly, Petitioner timely filed his objections, and the Court must consider them.

1 / 4

curiam).

Petitioner objects to the M&R's recommendation that his petition be dismissed as time-barred and that a certificate of appealability be denied. (D.E. 25, p. 1–2). In support of his objection, Petitioner largely reiterates arguments he posed prior to the M&R's issuance. *Compare* (D.E. 25, p. 1–2) *with* (D.E. 1, p. 5, 7–8, 10). On the issue of the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") time-bar, Petitioner raises two objections, both of which the Court construes liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (2007)) ("A document filed *pro se* is 'to be liberally construed[.]'").

*First*, Petitioner objects that prison conditions in TDCJ interfered with his ability to timely file a federal habeas petition. Specifically, he argues, "Due to Campos taking school [and] rehabilitation courses [and] TDCJ placing Campos in Administrative Segregation, Campos wasn't able to file anything due to custody level. Campos is now in General Population [and] has now access to legal work [and] acces[s] to the Courts." (D.E. 25, p. 1). Petitioner missed the AEDPA deadline by approximately seven years. (D.E. 17-1, p. 31) (judgment of conviction dated March 11, 2016); Tex. R. App. P. 26.2(a) (judgment of conviction became final thirty days later—April 11, 2016[2]); 28 U.S.C. § 2244(d)(1)(A) (AEDPA's one-year time-bar—April 11, 2017); (D.E. 1) (federal habeas petition filed in April 2024). Further, the factual record establishes that—at some point during the past seven years—Petitioner was able to file a habeas petition. Indeed, he filed a state habeas petition on July 3, 2019.[3] (D.E. 17-1, p. 19). Thus, contrary to Petitioner's contention

---

[2] April 10, 2016, fell on a Sunday.

[3] Admittedly, Petitioner filing a state habeas petition in 2019 does not establish that prison conditions between April 11, 2016, and April 11, 2017, allowed Petitioner to file a federal habeas petition before AEDPA's one-year time-bar. But Petitioner filing a state habeas petition while in TDCJ custody undermines his assertion that prison conditions alone account for the seven-year delay in filing a federal habeas petition.

that conditions in TDCJ interfered with his ability to file a federal habeas petition, the Court finds Petitioner could have, but did not, file his petition within the one-year period required by AEDPA. Accordingly, the Court **OVERRULES** Petitioner's first objection. (D.E. 25, p. 1).

*Second*, Petitioner objects that he did not file a habeas petition because "[t]he Judge who magistrated Campos had no authority to do so [and] to Campos this is new intelligence." *Id.* at 2. This argument relates to the first ground for relief in Petitioner's habeas petition: "By law I was supposed to be magistrated by a District Judge, which means he had no legal grounds to give me a bond or handle my case cause my arrest warrant was for first degree murder." (D.E. 1, p. 5) (cleaned up). Petitioner alleges that he learned about this issue when another person in Beeville had his charges dropped after being magistrated by the same judge as Petitioner. *See id.* However, ignorance of the law, even for *pro se* litigants, generally does not excuse petitioners from AEDPA's one-year time-bar. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (collecting cases). And Petitioner does not indicate any "rare and exceptional circumstances" that would support equitable tolling of AEDPA's time-bar. *See id.* at 170–71 (first quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); and then citing *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Accordingly, the Court **OVERRULES** Petitioner's second objection. (D.E. 25, p. 2).

As the M&R states, Petitioner's § 2254 petition is time-barred under 28 U.S.C. § 2244(d)(1) and is not subject to equitable tolling. *See* (D.E. 22, p. 6–7). Additionally, a certificate of appealability would be improper, as reasonable jurists would not find it debatable that the petition is time-barred. *See* (D.E. 22, p. 7–8).[4]

---

[4] Arguably, by titling his D.E. 25 objections "Certificate of Appealability," Petitioner objects to the M&R's recommendation that the Court deny a certificate of appealability. Even so, D.E. 25 does not provide any argument on this front and, more importantly, does not indicate how reasonable jurists could disagree about the applicability of AEDPA's time-bar to this habeas petition.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff objects, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 25), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 22). Accordingly, the Court:

(1) **GRANTS** Respondent's motion to dismiss, (D.E. 18);

(2) **DISMISSES with prejudice** Petitioner's 28 U.S.C. § 2254 as time-barred under 28 U.S.C. § 2244(d), (D.E. 1); and

(3) **DENIES** Petitioner a certificate of appealability.

The Court will enter a final judgment separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
February 21st, 2025